# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

SHANNON MCKUHEN,

    Plaintiff

v.

ENTERPRISE RECOVERY SYSTEMS,

    Defendant

Civil Action No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## COMPLAINT

SHANNON MCKUHEN ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ENTERPRISE RECOVERY SYSTEMS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has an office and conducts business in the state of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Lowell, Massachusetts.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company doing business in Massachusetts and having its principal place of business at 2400 S. Wolf Road, Suite 200, in Westchester, Illinois, 60154.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to an alleged consumer debt owed to the University of Florida.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17. In May 2009, Defendant contacted Plaintiff seeking and demanding payment of the alleged debt.

18. Defendant threatened Plaintiff that he had to pay the entire debt or "face litigation."

19. Defendant deceived Plaintiff into believing that he had no recourse to challenge the alleged debt, as Defendant failed to send written correspondence to Plaintiff informing him of his right to dispute the debt or seek validation of the debt, as required by § 1692g of the FDCPA, 15 U.S.C. § 1692g.

20. Defendant's deceptions caused Plaintiff to agree to pay $50.00 a month, whereas he had been paying $45.00 a month on the alleged debt.

21. By correspondence dated June 3, 2009, Defendant notified Plaintiff that he allegedly owed $2,241.25. See Exhibit A, the June 3, 2009, correspondence from Defendant.

PLAINTIFF'S COMPLAINT

22. In this correspondence, Defendant failed to identify itself as a debt collector to Plaintiff. See Exhibit A, the June 3, 2009, correspondence from Defendant.

23. Then, by correspondence dated August 12, 2009, after making two monthly payments, Defendant notified Plaintiff that he allegedly owed $2601.56. See Exhibit B, the August 12, 2009, correspondence.

24. This amount was nearly $400.00 more than the amount of the alleged debt Defendant claimed Plaintiff had owed in June.

25. Thereafter, by correspondence dated September 8, 2009, Defendant claimed Plaintiff owed $2551.56. See Exhibit C, the September 8, 2009, correspondence.

26. In this correspondence, Defendant failed to identify itself as a debt collector. See Exhibit C, the September 8, 2009, correspondence.

27. In October, Plaintiff contacted Defendant to dispute the amount of the alleged debt.

28. Defendant acknowledged that it had incorrectly stated the amount of the debt allegedly owed by Plaintiff.

29. Then, by correspondence dated October 20, 2009, Defendant contended that Plaintiff owed $2501.56 and falsely accused Plaintiff of failing to

make October's $50.00 payment. See Exhibit D, the October 20, 2009, correspondence.

30. However, Plaintiff made a $50.00 payment in October to Defendant, which cleared his account on October 19, 2009. See Exhibit E, Plaintiff's bank statement.

31. Moreover, Defendant failed to identify itself as a debt collector in the October 20, 2009, correspondence. See Exhibit D, the October 20, 2009, correspondence.

32. Now, having been sufficiently confused by Defendant's continued misrepresentations about the status of his account and the amount of the alleged debt, Plaintiff contacted Defendant and requested verification of the debt.

33. Since January 2008, Defendant has sent misleading and deceptive statements to Plaintiff about the amount of the alleged debt.

34. Specifically, on January 7, 2008, Defendant sent correspondence to Plaintiff claiming that the total balance was $2781.25. See Exhibit F, the January 7, 2008, correspondence.

35. Then, on April 7, 2008, Defendant sent correspondence to Plaintiff claiming that the total balance was $2,691.25. See Exhibit G, the April 7, 2008, correspondence.

36. On May 5, 2008, Defendant sent correspondence to Plaintiff claiming that the total balance was $2,646.25. See Exhibit H, the May 5, 2008, correspondence.

37. Then, on or about June 15, 2008, Defendant sent correspondence to Plaintiff contending that the amount of the alleged debt was $2,601.25. See Exhibit I, the June 15, 2008, correspondence.

38. On or about October 15, 2008, Defendant sent correspondence to Plaintiff claiming that the amount of the alleged debt was $2,421.25. See Exhibit J, the October 15, 2008, correspondence.

39. Finally, in response to his request for validation, on October 23, 2009, Defendant provided Plaintiff with an "itemization" of the account, which was misleading to Plaintiff as this was really Defendant's attempt to provide validation of the debt. See Exhibit K, the October 23, 2009, correspondence.

40. This time, Defendant claimed that Plaintiff allegedly owed $1941.25, nearly $600.00 less than what it had claimed he owed just three (3) days prior.

41. Moreover, Defendant represented to Plaintiff that no money was owed for interest and late fees, disguising these fees under "collection cost." See Exhibit F, the October 23, 2009, correspondence.

42. On October 27, 2009, Defendant, by its representative David Laxton ("Mr. Laxton"), contacted Plaintiff demanding full payment of the alleged debt.

43. Plaintiff disputed owing the alleged amount of the debt, to which Mr. Laxton stated that he (Plaintiff) needed to stop "dancing around the fact that [he] owes $1900 and get this debt of [his] hair."

44. Mr. Laxton threatened Plaintiff to keep calling until he (Plaintiff) made good on the money owed.

## CONSTRUCTION OF APPLICABLE LAW

45. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

46. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

47. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

48. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using false, deceptive or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

b. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

c. Threatening to take action that cannot legally be taken or that it did not intend to take, in violation of 15 U.S.C. § 1692e(5);

d. Using false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

e. Failing to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

f. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

g. Collecting an amount (including interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692(f)(1).

h. Failing to provide Plaintiff, within five (5) days after its initial communication with him in connection with the collection of a debt, written correspondence advising him of his rights to dispute the debt or request validation of the debt, in violation of 15 U.S.C. § 1692(g)(a); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, SHANNON MCKUHEN, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHANNON MCKUHEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: February 5, 2010    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig T. Kimmel
Craig Thor Kimmel, Esquire
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT